United States District Court
Southern District of Texas

**ENTERED**

July 16, 2026

Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| DELMO DANIEL ALVARADO BARROSO, Petitioner, | § § § § § | CIVIL ACTION NUMBER 4:26-cv-05115 |
| versus | § § § | JUDGE CHARLES ESKRIDGE |
| TODD BLANCHE, *et al*, Respondents. | § § | |

### ORDER ON DISMISSAL

Petitioner Delmo Daniel Alvarado Barroso filed a petition for writ of *habeas corpus* under 28 USC §2241 on June 29, 2026. Dkt 1. He acknowledges illegal entry into the United States at a prior date but states that he was paroled into the country by immigration authorities under 8 USC §1182(d)(5). Id at ¶¶22. He asserts that his recent re-detention violates (i) the Due Process Clause of the Fifth Amendment, (ii) the Administrative Procedure Act, (iii) equal protection, (iv) equitable estoppel, and (v) the Suspension Clause. Id at ¶¶48–102.

Prior order noted that the petition may raise only issues resolved by the Fifth Circuit's decision in *Buenrostro-Mendez v Bondi*, 166 F4th 494 (5th Cir 2026), and prior decisions by the undersigned. See Dkt 5 at 1–3. Even so, the Government was ordered to show cause with a filing establishing the propriety of Petitioner's continued detention. Id at 3.

Pending is a motion by the Government for summary judgment. Dkt 9. It states that Petitioner was taken into custody on June 5, 2026, meaning that he has been detained for fewer than ninety days. Id at 2. It thus argues that present detention comports with due process under

recent decision by the Fifth Circuit in *Sosnava Rodriguez v Ortega*. Id at 2–3, citing 2026 WL 1906557, *16 (5th Cir).

On reply, Petitioner argues that his prior grant of release on bond distinguishes his case from *Buenrostro-Mendez* and *Sosnava Rodriguez*. Dkt 10 at 2–3. He otherwise reasserts arguments presented in the petition as to his other claims. Id at 3.

As noted in prior order, the Fifth Circuit issued a controlling decision with respect to the lawfulness of mandatory detention in this context under 8 USC §1225(b)(2)(A). See *Buenrostro-Mendez v Bondi*, 166 F4th 494 (5th Cir 2026).

On July 2, 2026, the Fifth Circuit then issued a decision with respect to the constitutionality of detention under §1225(b)(2)(A). See *Sosnava Rodriguez*, 2026 WL 1906557. With reference to limitations imposed by the Due Process Clause, the decision holds that the Government may detain individuals under the subject statute "for ninety days but no longer without a bond hearing," and that "at the hearing, the Government must articulate an individualized justification for further detention without bond." Id at *16. On July 10, 2026, the Fifth Circuit vacated that decision pending rehearing *en banc*. See *Sosnava Rodriguez v Ortega*, 2026 WL 2014647, *1 (5th Cir). This means that it is currently "of no precedential value." *Comer v Murphy Oil USA, Inc*, 718 F3d 460, 468 (5th Cir 2013).

The undersigned has also previously determined certain issues raised in the petition. For example, see:

- o *Penafiel Clavijo v Thompson*, 2026 WL 923310 (SD Tex): Holding that procedural due process doesn't require an individualized custody determination beyond the mandate of 8 USC §1225(b)(2)(A).

- o *Herrera Estrada v Thompson,* 2026 WL 2000097 (SD Tex): Holding that pre-removal-order detention authorized by 8 USC §1225(b)(2)(A) doesn't violate substantive due process while deportation proceedings are

pending even when it exceeds the six-month period set out in *Zadvydas v Davis*, 533 US 678 (2001), as to post-removal-order detention.

o *Marcelo-Aguila v Noem*, 2026 WL 936337 (SD Tex): Holding that prior release on supervision under §1226(a) doesn't constrain the Government's authority to detain an applicant for admission under §1225(b)(2)(A) without individualized custody determination.

o *Diakite v Frink*, 2026 WL 1999868 (SD Tex): Holding that revocation of prior release under §1226(a) doesn't require a showing of materially changed circumstances, given that §1226(b) permits such revocation "at any time," and §1226(e) limits judicial review of such determinations.

o *Llanes Carnesolta v Tate*, 2026 WL 948727 (SD Tex): Holding that (i) disparate treatment between those detained under §1225(b)(2)(A) and §1226(a) doesn't violate equal protection, (ii) claims under the Suspension Clause necessarily fail to the extent that petitions are addressed on the merits.

o *Garcia Tabon v Dickey*, 4:25-06145 (SD Tex, Jan 22, 2026): Dismissing a claim under the APA as foreclosed by 5 USC §704 given adequacy of *habeas* relief and otherwise relying on statutory interpretation rejected in *Buenrostro-Mendez*.

o *Moreno Sanchez v Smith*, 2025 WL 3687914 (SD Tex): Holding that claims relying on prior status as a parolee fail because the decision to revoke parole is jurisdictionally barred and, regardless, returns a petitioner to status as an arriving alien subject to mandatory detention under 8 USC §1225(b)(1).

The arguments in the petition raise only issues resolved to the contrary in the decisions cited above.

3

As regards the prior grant of bond specifically referenced in the reply brief, §1226(b) provides that bond may be revoked "at any time." And as noted above, determinations as to revocation of release under §1226(a) are insulated from judicial review. See *Diakite*, 2026 WL 1999868 at *2, citing 8 USC §1226(e). The same is true regarding revocation of Petitioner's parole. See *Moreno Sanchez v Smith*, 2025 WL 3687914 at *1–2. Such considerations thus don't distinguish his case from the rule in *Buenrostro-Mendez* or otherwise render detention under §1225(b)(2)(A) unlawful.

Beyond this, Petitioner hasn't yet been in custody for ninety days. See Dkt 1 at ¶27 (stating that current detention began on June 5, 2026). His detention at present thus comports with due process, even as framed by the panel decision in *Sosnava Rodriguez*. See 2026 WL 1906557 at *16.

Petitioner thus hasn't established that his current detention violates either the Constitution or federal law.

The motion by the Government for summary judgment is GRANTED. Dkt 9.

The petition for writ of *habeas corpus* by Petitioner Delmo Daniel Alvarado Barroso is DENIED. Dkt 1.

This action is DISMISSED WITH PREJUDICE.

Petitioner is ADVISED to follow the *en banc* proceedings of the Fifth Circuit in *Sosnava Rodriguez*. He may file a motion for reconsideration or a later petition if warranted after those proceedings conclude.

A final judgment will enter separately.

SO ORDERED.

Signed on July 16, 2026, at Houston, Texas.

Honorable Charles Eskridge
United States District Judge

4